**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL BRANNIGAN, et al.,

      Plaintiffs,

v.                                                  Case No. 8:21-cv-2352-TPB-AAS

EXCELLUS BLUE CROSS AND
BLUE SHIELD,

      Defendant.

_____/

### ORDER GRANTING IN PART "DEFENDANT'S MOTION TO DISMISS COMPLAINT"

This matter is before the Court on "Defendant's Motion to Dismiss Complaint," filed on December 17, 2021.  (Doc. 16).  Plaintiffs filed a response in opposition on January 14, 2022.  (Doc. 20).  The Court briefly addressed the pending motion at the initial case management conference held on March 23, 2022.  (Doc. 24).  Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

Plaintiffs Worldwide Aircraft Services, Inc. d/b/a Jet ICU (an air ambulance company) and Michael Brannigan (Jet ICU's attorney and purported attorney-in-fact for CM) seek to recover reimbursement under a health insurance benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), in which CM is a participant in the health insurance plan issued by Defendant Excellus Blue

Cross and Blue Shield.  According to the allegations of the complaint, on December 4, 2019, while CM was in the Bahamas on a cruise, she had an acute cardiac episode that required her to be medically evacuated.  CM is a resident of New York. CM's cruise departed from a port in South Florida, not Tampa.  In fact, CM has no connection whatsoever to Tampa, Florida.  However, CM was evacuated by Jet ICU, as the air ambulance provider, to St. Joseph's Hospital, a level-one trauma center in Tampa, Florida.  The only reason CM was evacuated to Tampa, Florida is because Jet ICU happens to be based in Tampa, Florida.

Defendant reimbursed the ground ambulance portion of CM's bill as medically necessary but refused to reimburse the air transportation invoice, contending that the air ambulance was medically unnecessary.

### Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

When a valid forum selection clause is present and applicable to the dispute brought, the analysis of whether to transfer venue changes in the following three

respects.  First, the plaintiff's choice of forum after the dispute arises should not be considered.  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013).  Second, courts should also not consider arguments about the parties' private interests, such as convenience, in determining whether to transfer. *Id*. at 64.  Third and finally, where a party flouts their contractual obligations under a forum selection clause and files suit in a different venue, "transfer of venue will not carry with it the original venue's choice-of-law rules."  *Id*.  Furthermore, forum selection clauses are presumptively valid.  *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted).  Valid forum selection clauses should be "given controlling weight in all but the most exceptional cases" and plaintiffs "bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."  *Id*. at 63-64 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

## <u>Analysis</u>

Defendant seeks dismissal of this action and contends, among other things, that the instant case should have been brought in the Western District of New York as required by the forum selection clause in CM's health insurance plan.  Plaintiffs oppose transfer and appear to argue that venue is proper here because the alleged breach occurred here and because Michael Brannigan, as attorney-in-fact for CM, resides in this district.

Under ERISA, claims brought in federal district courts may generally be brought in the following three districts: "where the plan is administered, where the

breach took place, or where the defendant resides or may be found…."  29 U.S.C. § 1332(e)(2); *Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1189 (M.D. Fla. 2014).  While it is well-settled that the ERISA statute sets a broad venue provision, parties remain free to contractually choose the venue for these disputes to one of the three options afforded by the statute.  *Id.* (enforcing a forum selection clause for ERISA claims contained within an employer-sponsored disability plan); *In re Penn–Mont Benefit Services, Inc.*, No. 3:13-bk-05986-JAF, 2013 WL 6405046 at *11 (Bankr. M.D. Fla. Dec. 6, 2013) ("Forum selection clauses in any contract, including ERISA plans, are presumptively valid and should be enforced…"); *Kydra Manuel-Clark v. Manpowergroup Short-Term Disability Plan*, 2019 WL 5558406 at *1 ("This language [referring to 29 U.S.C. § 1332(e)(2)] is permissive and does not preempt forum and venue selection clauses. Accordingly, § 1132(e)(2) does not invalidate the Plan's clause.").

This is precisely what this clause seeks to do by selecting a venue where Defendant resides.  Under the terms of the plan, all disputes arising under the plan must be resolved in a court located in the State of New York.  This clause is not invalidated or unenforceable because a breach may have occurred in Florida or because one of the plaintiffs resides here.[1]  Seeing no statutory or policy reason to depart from the precedent favoring forum selection clauses, the Court finds the clause contained in the health insurance plan enforceable and concludes that this case should be transferred to the Western District of New York.  Because the Court

---

[1] The Court does not address whether Michael Brannigan is a proper plaintiff in this action.

is transferring the case, it does not address Defendant's other arguments for dismissal or its request for attorney's fees and costs.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Complaint" (Doc. 16) is hereby **GRANTED** to the extent that this action shall be transferred based on the forum selection clause.

2. The Clerk is directed to **TRANSFER** this case to the Western District of New York, Rochester Division, for all further proceedings.

3. Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of March, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**